UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR SANCHEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF SAN JOSE, et al.,<br><br>  Defendants. | Case No. 20-cv-05919-JD<br><br>**ORDER RE MOTION TO DISMISS** |

For defendants' motion to dismiss the complaint, Dkt. No. 1, under Federal Rule of Civil Procedure 12(b)(6), Dkt. No. 18, the parties' familiarity with the record is assumed. The Court has detailed the well-established standards for a Rule 12(b)(6) motion in other orders and incorporates them here. *See Escobar-Lopez v. City of Daly City*, ___ F. Supp. 3d ___, No. 20-cv-01781-JD, 2021 WL 1109911, at *3 (N.D. Cal. Mar. 23, 2021). The motion is granted and denied in part.

1. <u>Chief Garcia</u>: All of the claims against Chief Garcia are dismissed. A defendant is liable under Section 1983 only for his or her own conduct. *Escobar-Lopez*, 2021 WL 1109911, at *3 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)). The complaint does not allege any involvement by Chief Garcia in the October 2019 incident. In addition, Section 1983 liability is not available against Chief Garcia on a respondeat superior basis. *Id.* (citing *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997)). The First, Second, and Third Claims are dismissed with respect to Chief Garcia.

Sanchez has agreed to dismiss the Seventh Claim under the Bane Act against Chief Garcia, Dkt. No. 23 at 17, which resolves that issue. Defendants mention dismissal of "Count Eight as to Defendant Garcia," Dkt. No. 18 at 2, but that count does not name him as a defendant.

2. <u>City of San Jose</u>: The Section 1983 claims against San Jose are dismissed. Municipal liability requires nonconclusory allegations of a pattern or practice of conduct evincing deliberate indifference to a plaintiff's constitutional rights. *See Escobar-Lopez*, 2021 WL 1109911, at \*3-4 (and cases cited therein). The complaint does not plausibly allege a pattern or practice here. The list of other incidents involving the San Jose Police Department, Dkt. No. 1 ¶ 71, are not tied in a meaningful way to the events involving Sanchez, and do not provide a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation," which Section 1983 requires. *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 957 (9th Cir. 2008) (internal quotation and citation omitted).

The failure to train allegation is equally unavailing. "A 'municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train.'" *Escobar-Lopez*, 2021 WL 1109911, at \*4 (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011)). The failure to train must amount to "deliberate indifference" to a plaintiff's rights as demonstrated by a pattern of similar violations by untrained employees. *Id*. The complaint presents no such facts.

The ratification theory is also dismissed. Ratification requires facts indicating that an authorized decisionmaker has adopted and expressly approved the acts of an alleged constitutional tortfeasor. *See Trevino v. Gates*, 99 F.3d 911, 920 (9th Cir. 1996). The allegations about ratification in the complaint are wholly conclusory and devoid of any facts. Dkt. No. 1 ¶¶ 76-81.

The Fourth, Fifth, and Sixth Claims are dismissed. The Bane Act count in the Seventh Claim is dismissed with respect to San Jose because no facts are alleged that plausibly state such a claim against the city. The Ninth Claim for an Americans with Disabilities Act (ADA) violation against San Jose is also dismissed. Under the ADA, a "disability" is defined as: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C § 12102(1). Sanchez does not allege a disability consistent with this definition, and simply stating that he "suffers from seizures," Dkt. No. 1 ¶ 26, does not, without more, plausibly allege a disability within the scope of the ADA. *See Sanders v. Arneson Prods., Inc.,* 91 F.3d 1351, 1354 n.2 (9th Cir. 1996) ("disability" is "term of art" under ADA).

2

The motion to dismiss is denied in all other respects. Leave to amend the claims against Chief Garcia and San Jose is granted, and Sanchez may file an amended complaint by August 5, 2021. The amended complaint must be consistent with this Order and may not add any new claims or parties without the Court's prior approval. Failure to amend the complaint by the deadline will result in dismissal with prejudice of the pertinent claims under Rule 41(b).

**IT IS SO ORDERED.**

Dated: July 13, 2021

JAMES DONATO
United States District Judge